JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  5:26-cv-02097-BFM                     **Date:**  May 1, 2026

**Title:**      *S.A. v. Markwayne Mullin, et al.*

==================================================================

Present:    The Honorable Brianna Fuller Mircheff, United States Magistrate Judge

|  Christianna Howard  |  N/A  |
|:---:|:---:|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff | Attorneys Present for Defendant |
| N/A | N/A |

**Proceedings:**    **(In Chambers) Order Granting Petition (ECF 1) and Denying as Moot Ex Parte Application for TRO (ECF 9)**

Petitioner S.A.[1] filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on April 24, 2026. (ECF 1.) Along with his Petition, S.A. filed an Ex Parte Application for a Temporary Restraining Order seeking immediate relief. (ECF 9.) For the reasons stated below, the Petition (ECF 1) is **granted** and the Application for a TRO (ECF 9) is **denied as moot**.

## I.     Factual Background

Petitioner S.A. is a noncitizen who is currently detained at the Adelanto Detention Facility, within the Central District of California. (ECF 1 ("Pet.") ¶¶ 13, 20.) He entered the United States in 2024. (Pet. ¶ 2, 49.) On September 16, 2025, he was granted withholding of removal to Cameroon. (Pet. ¶ 3.) That grant of relief became final 30 days later, when the time for appeal expired.

---

[1] The Court grants Petitioner's request to proceed anonymously (Pet. at 8 n.1). For identification purposes, Petitioner's A# ends in -756 and a redacted copy of his order of withholding is located at Docket 9-4 at 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  5:26-cv-02097-BFM          **Date:**  May 1, 2026

**Title:**        *S.A. v. Markwayne Mullin, et al.*

============================================================

(Pet. ¶ 57.) It has now been more than six months since Petitioner's removal order became final, and Petitioner nevertheless remains in custody. (Pet. ¶ 5.)

## II.    Analysis

S.A. argues that his detention violates due process and asks for release. (Pet. ¶¶ 60-69.) Respondents "are not presenting an opposition argument at this time." (ECF 16 at 2.) Respondents' non-opposition itself is a basis to grant the Petition. *See Soleimani v. Larose*, No.: 25-cv-3082-DMS-DEB, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's answer to the petition did not respond to all claims in the petition, including a Fifth Amendment due process claim); *Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession).

Beyond that, Petitioner's claim is meritorious. Petitioner was granted withholding of removal.[2] (Pet. ¶ 3.) While withholding does not forever shield a noncitizen from removal, it does protect a noncitizen from removal to a particular country—usually (as here) his home country. *Lanza v. Ashcroft*, 389 F.3d 917, 933 (9th Cir. 2004). Given the grant of withholding, Petitioner has met his burden of showing that his removal to Cameroon is not likely to occur in the reasonably foreseeable future. Respondents have not given Petitioner or this Court any reason to think they will be able to remove him to *another* country in the reasonably foreseeable future. (*See* Pet. ¶¶ 5-7, 63.)

Petitioner has been held for more than six months after his removal order became final for purposes of 8 U.S.C. § 1231(a)(1)(B). (Pet. ¶ 4.) At this

---

[2] The Court accepts Petitioner's representation about the grant of relief, as Respondents have not challenged his claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  5:26-cv-02097-BFM                    **Date:**  May 1, 2026

**Title:**       *S.A. v. Markwayne Mullin, et al.*

======================================================================

stage, if removal is not reasonably foreseeable, detention is "unreasonable, and no longer authorized by statute." *Zadvydas v. Davis*, 533 U.S. 678, 699-700 (2001). Under these facts, the Petition should be granted, and release ordered. *See, e.g., Gomez v. Mattos*, ___ F. Supp. 3d ___, 2025 WL 3101994, at *5 (D. Nev. Nov. 6, 2025) (granting relief on similar claim). Considering Respondents' non-opposition to the relief sought in the Petition, nothing more needs to be said.

## III.   Conclusion

Accordingly, Claim One in the Petition (Pet. ¶¶ 81-86) is granted. Petitioner is ordered released from custody within 24 hours of this Order.

Claim Two in the Petition (Pet. ¶¶ 87-89) is denied as moot in light of the relief granted on Claim One.

Claim Three in the Petition (Pet. ¶¶ 90-92) seeks injunctive relief that would limit Respondents' ability to remove him to a third-country. The premise of the Petition, however, is that Respondents have not made any firm plans to remove him to a third country and that such removal is "unlikely." (Pet. ¶ 5.) Respondents have likewise given the Court no reason to think they intend to remove Petitioner to a third country. Based on the record now before the Court, Petitioner has not shown a real and immediate threat of future injury under the challenged policy. He is therefore not entitled to injunctive relief. *City of L.A. v. Lyons*, 461 U.S. 95, 111 (1983). Claim Three is therefore denied without prejudice.

Petitioner's counsel shall file a status report confirming Petitioner's release within three days of his release from custody; if release is delayed for any reason, Petitioner shall promptly notify the Court. Upon receipt of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  5:26-cv-02097-BFM                         **Date:**  May 1, 2026

**Title:**      *S.A. v. Markwayne Mullin, et al.*

===================================================================

confirmation that Petitioner has been released, judgment will issue and the Court will close the case.

In light of the relief granted on Claim One, the Application for a Temporary Restraining Order (ECF 9) is **denied as moot**.

**IT IS SO ORDERED**

cc:    Counsel of Record

Initials of Preparer:      ch